IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,   No. 3:17-cr-00066-HZ-4

        Plaintiff,   ORDER

    v.

RICKY DARNELL SIMPSON,

        Defendant.

HERNÁNDEZ, District Judge:

    Defendant Ricky Darnell Simpson moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and a reduction in his sentence is inconsistent with the sentencing factors outlined in § 3553(a), the Court denies Defendant's motion.

---

[1] The government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding."

2 – ORDER

*Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

Defendant's medical condition does not constitute an extraordinary and compelling reason to reduce his sentence. Defendant is overweight and has hypertension, which elevate his risk of becoming seriously ill from COVID-19.[2] However, Defendant is only 42 years old, younger than the higher-risk groups identified by the CDC.[3] And Defendant is currently serving his sentence at FCI Lompoc, which, as of June 14, 2021, had a prison population of 779 inmates with no reported active cases of COVID-19.[4] Given that Defendant's risk factors otherwise remain low and there are no active cases in his facility, Defendant's medical condition is not an extraordinary and compelling reason to reduce his sentence.

In addition, a reduction in Defendant's sentence is not warranted after considering the sentencing factors under 18 U.S.C. § 3553(a). On May 17, 2019, the Court sentenced Defendant to an 87-month period of imprisonment for conspiracy to distribute oxycodone and conspiracy to launder drug proceeds. Defendant still has approximately 50 months remaining on his sentence. Though Defendant has a non-violent criminal history, his underlying offense was serious. Defendant was involved in a multi-state oxycodone distribution ring, supplying thousands of oxycodone pills and laundering tens of thousands of dollars in drug proceeds. The 87-month sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).
[3] *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/olderadults.html (last updated June 9, 2021).
[4] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited June 14, 2021); Bureau of Prisons, FCI Lompoc, https://www.bop.gov/locations/institutions/lof/ (last visited June 14, 2021.

respect for the law, deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [545] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:  June 14, 2021  .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER